## Campbell *against* Shrum.

The purchase of a tract of land by agreement under seal, "subject to the payment of the purchase money and interest" due to a third person, is a covenant by the vendee to pay such purchase money and interest, upon which an action may be maintained in the name of the vendor for the use of him to whom it is due.

A subsisting mortgage on the land by the vendor, to secure that purchase money which the vendee had thus covenanted to pay, would not prejudice the title tendered by the vendor to the vendee before suit brought.

A notice to take depositions, is rightly served by leaving a copy of it at the dwellinghouse of the party with his son.

ERROR to the common pleas of *Alleghany* county.

This was an action of covenant by Henry Shrum for the use of Thomas Astley against Robert Campbell. On the 2d of January 1805, Thomas Astley and James Gibson sold, by articles of agreement, a tract of land to Henry Shrum, the plaintiff. On the 27th of September 1814, Henry Shrum entered into an agreement, under seal, with Robert Campbell, to convey to him the same land, in consideration of the sum of 341 dollars and 75 cents, "subject to the payment of all the purchase money and interest now due on an article of agreement between Thomas Astley and James Gibson of the one part, and the said Shrum of the other part, dated the 2d of January 1805." On the 1st of August 1821, Shrum executed a mortgage to Gibson to secure the balance due on his purchase. Campbell being in possession under his purchase, Shrum procured the legal title from Astley, who was invested with Gibson's interest, and made a tender of it to him, and demanded the payment of the money due to Astley, which Campbell refused to pay, and this action of covenant was brought to compel the payment. The defendant pleaded *non est factum* and covenants performed. On the trial the plaintiff offered in evidence a deposition, taken upon a notice, a copy of which had been left at the defendant's house with his son. It was objected to on the ground that that was not a good service of notice. The objection was overruled and exception taken. The defendant relied upon these positions as constituting his defence: that the plaintiff was guilty of laches and was too late in endeavouring to enforce the

[Campbell v. Shrum.]

contract; that the mortgage to Gibson was an incumbrance on the land; that he had entered into no covenant such as was set out in the plaintiff's declaration; that the clause in the agreement on which the plaintiff rested his claim to recover was not a covenant by the defendant, but a condition, which could only be enforced by a proceeding *in rem.*

The court below (Shaler, president) ruled all the points against the defendant.

The jury rendered a verdict for 2446 dollars and 65 cents damages, in favour of Shrum, to be released by the payment by Campbell of the purchase money to Astley in one year, or by Campbell otherwise fulfilling the contract between Shrum, and Astley and Gibson; but no execution to issue until satisfaction was entered on the mortgage: the deed from Shrum to Campbell to be left in court to be taken out by Campbell upon his payment of the damages or performance of his contract.

*Fetterman,* for the plaintiff in error.

An action of covenant will not lie to enforce the payment of the purchase money due to Astley and Gibson. An action of ejectment would have been the proper remedy. Then as to the *first error* assigned, we contend the deed from Nicholson to Cramond and others should not have been admitted in evidence; because no title was shown in Nicholson, the grantor. Lessee of Peters et al. *v.* Condron et al., 2 *Serg. & Rawle* 80; Hoak et al. *v.* Long, 10 *Serg. & Rawle* 1. Nor should the agreement between Shrum and Campbell have been received in evidence. And here arises the principal point to be determined in this case: whether the article of agreement contained such a covenant as the one declared on by the plaintiff below? There is an express covenant in the agreement to pay Shrum 341 dollars. This express covenant negatives any implied covenant. But there is no covenant to pay the purchase money to Astley and Gibson. It is true, that Campbell bought subject to that payment. But if he did not pay Astley and Gibson, the remedy was in their hands. They could maintain ejectment to compel payment. The assignment of a lease, which is a case analogous, constitutes no covenant. Salisbury *v.* Phillips et al., 10 *Johns.* 57. The case of Beach *v.* Morris, 12 *Serg. & Rawle* 16, was one in which the vendor brought an action of debt against the purchaser from the vendee, who had contracted with the vendee to pay the instalments. A *proviso* does not make a covenant. 2 *Mod.* 36. Nor will an action of covenant lie upon the proviso in a mortgage deed. Drummond's Administrators *v.* Richards, 2 *Munf.* 327; Bristoe *v.* Knipe, *Yelv.* 206; Waldo *v.* Hall, 14 *Mass.* 486; Wheeler and wife *v.* Walker, 2 *Cond. Rep.* 199. Suppose Campbell a purchaser at sheriff's sale, on a judgment against Shrum, would his case be different? Chahoon et al. *v.* Hollenback, 16 *Serg. & Rawle* 425. The depositions referred to in the third error should have been rejected. There was no legal

[Campbell v. Shrum.]

notice to the son of Campbell.   By the thirty-eighth rule of the court of common pleas, it is ordered that notice is to be given to the party in person, or, in his absence, to be left with some of his family at his dwellinghouse.   Here it does not appear that the service was at the dwellinghouse.(a)   It has been held that service on an attorney is not good, where a rule of court requires it to be on the party himself. Nash et al. *v.* Gilkison et al., 5 *Serg. & Rawle* 352.   Nor is notice on a party's wife sufficient, if she has not acted in the business. Bauman and wife *v.* Zinn et al., 3 *Yeates* 157.   At our bar we have always been in the practice of objecting to the notice at the time of the trial.   In this case the trial took place in ten or eleven days after the depositions were filed, so that but a short period intervened; and we cannot be charged with having taken the other party by surprise. The bill of exceptions was shown to the opposite counsel.   In the case of a rule and notice to take special bail, if the defendant be absent, the notice must be left at his house in the presence of a member of his family.   This is the general rule; and we are not to travel out of it and conjecture the manner of service.   In a case in Washington county, a deposition was, on the second trial of the cause, found to have been taken by one of the attorneys.   The court below decided it to be inadmissible; and this court confirmed the decision.   Let the fact, however, be taken to be as it was proved at the trial.   The fourth and sixth errors were considered together. The effect of the mortgage to Astley for the purchase money, was still existing when the deed was tendered.   It was for more than the amount of the purchase money claimed of Campbell by Shrum. On this mortgage Astley might sell the land.   Where there are incumbrances upon the land, the vendee has a defence *pro tanto*, or to the full amount.   Huber *v.* Burke, 11 *Serg. & Rawle* 238; Poke et al. *v.* Kelly, Assignee of Case, 13 *Serg. & Rawle* 165.   With respect to the fifth error assigned, we contend that Campbell could rescind the contract, under the lapse of time and all the peculiar circumstances of the case, although he had not tendered the purchase money.   The right of relinquishment is not affected by taking possession.   Bank of Columbia *v.* Hagner, 1 *Peters's S. C. Rep.* 468. The vendee may disaffirm and recover back the money he has paid, if the vendor be unable to make title.   Judson *v.* Wass, 11 *Johns.* 525; Benedict *v.* Lynch, 1 *Johns. Cha.* 370; Ballard *v.* Walker, 3 *Johns. Ca.* 60.   Interest was not recoverable.   Fasholt *v.* Reed, 16 *Serg. & Rawle* 266; Dunlop et al. *v.* Hepburn et al., 1 *Wheat.* 202. The court charged, that at law Shrum could not recover.   So far the charge was right; but it was error to assume the exercise of chancery powers through the jury.

*Burke* and *Forward,* for the defendant in error, were directed by

(a)   On referring to the notes of the trial, it appeared that the service was at the dwellinghouse.

[Campbell v. Shrum.]

the court to confine their remarks to the point relating to service of the notice to take the depositions of John B. Wallace and others.

The record does not show that the notice was left at the dwelling-house of Campbell; but such was the fact, and so it was proved on the trial. The depositions were on file for a length of time. Why were they not objected to at an earlier period? The court below very properly has a good deal of latitude in admitting papers in evidence. This latitude should not be infringed upon in the present case. The objection should have been sooner made. Carpenter *v.* Groff, 5 *Serg. & Rawle* 162.

The opinion of the Court was delivered by ·

SERGEANT, J.—Ten errors, in relation to matters of evidence and the charge of the court below, have been assigned in this court. Several of them having been waived in the argument here, I shall confine myself to such as the plaintiff in error has urged as material.

The main question is, whether the words of the articles of the 27th of September 1814, between Shrum, the plaintiff below, and Campbell the defendant, constitute a covenant on the part of Campbell to pay the arrears of purchase money and interest due by Shrum to Astley and Gibson, under the agreement made between them on the 2d of January 1805. By the agreement of the 27th of September 1814, Shrum agrees to grant and convey to Campbell, his heirs and assigns, the tract of land "under and subject to the payment of all the purchase money and interest now due on an article of agreement between Thomas Astley and James Gibson of the one part, and the said Henry [Shrum] of the other part, dated the 2d of January 1805;" after which follows a covenant by Campbell to pay Shrum 341 dollars and 75 cents.

No particular form of words is necessary to constitute a covenant. Whatever shows the intent of the parties to bind themselves to a performance of the thing stipulated, may be deemed a covenant, without regard to the form of expression made use of. Express covenants may be created by words which at first view might appear to operate rather as conditions, qualifications, or defeasances of covenants. Thus an office was conveyed by the plaintiff to the defendant, provided that out of the profits he should pay the plaintiff 500 pounds: it was held that the proviso was in nature of a covenant, and not by way of condition or defeasance, and covenant would lie. Clapham *v.* Moyle, 3 *Salk.* 108; 1 *Lev.* 155. So where a lease was made to B for life, with a proviso that if the lessee should die within the term of forty years, the executors of the lessee should have it for so many of the years as should amount to the number of forty to be computed from the date of the lease: this proviso was held only to amount to a covenant. Parker *v.* Gravener, 2 *Dy.* 150; *And.* 19; 1 *Co.* 155, *a.* A case more nearly resembling the present, is the following. A leased to B, for years, on condition that he should acquit the lessor of ordinary and extraordinary charges, and should

keep and leave the houses, at the end of the time, in as good plight as he found them : the lessee was held liable to an action of covenant for omitting to leave the houses in good plight.  2 *Bac. Ab.* 162. (*a*)    Here the principal consideration for Shrum's agreement to transfer to Campbell was, that Campbell should discharge the arrears due by Shrum for the land, and relieve and exonerate him from his liability therefor. ' No one that reads this clause can doubt that the understanding of the parties was, that Campbell agreed to do so. Without this construction, Shrum would have been left to pay Astley and Gibson in the first instance, and afterwards be turned round to recover upon the equitable claim for indemnity which he would have against Campbell.   Whereas it was intended, under the agreement, that Campbell should pay off these arrears forthwith ; and a breach of the undertaking on his part occurred when he omitted to do so, for which Shrum could at once bring his action.   It is no answer on the part of Campbell to say that Shrum had not paid Astley and Gibson, and therefore he has not been damnified; this action is not founded on the damnification, but on the breach of covenant.   The amount of damages to be recovered is another question; but if the plaintiff tendered a clear title from Astley and Gibson, I see no reason why the whole arrears of purchase money and interest may not be fairly recovered; and the present verdict is sufficiently guarded to prevent injury to the defendant from the lien of Astley and Gibson, or Astley alone, under the mortgage.

It is contended that Shrum disabled himself from conveying a title to Campbell, in compliance with the agreement in 1814, by giving a mortgage to Astley in 1821, on receiving from him a deed for the premises.   The answer of the court below, which seems a satisfactory one, was, that this created no new lien; though different in form, it is substantially the same with the lien in favour of Astley and Gibson, under the articles of agreement of January 1805, transferred to Campbell and accepted by him, and which he covenanted to discharge.   Under these articles Astley and Gibson, not having parted with the legal title, had a lien for the arrears of the purchase money affecting the land in the hands of Shrum and in the hands of Campbell his assignee.   It is said now, on the argument here, that the mortgage was given for more than was due on the articles.   This is a matter of fact which we cannot now inquire into.   If true, and it would have varied the principle of law, the the court below should have been requested to charge upon it.   We can only examine the charge as it appears on the record, and the sum appears to be considered the same under the articles and under the mortgage.

As to the defendant's right to rescind the contract in the year 1827, I do not perceive the slightest foundation for it.   He went into possession of the land and held it till that period ; paid the 341 dollars

(*a*)   See Burnett *v.* Lynch, 5 *Barn. & Cres.* 602; *Platt on Cov.* 15; *Law Lib.* 7.

[Campbell v. Shrum.]

and 75 cents to Shrum; had never called on Shrum or Astley for a title, or offered, so far as appears, to pay off the arrears of purchase money which in 1814 he had agreed to discharge. Before one party can rescind a contract, he is bound to show that he did all in his power to complete it, and that the other party is in fault. There is no proof of any act done or step taken by the defendant to fulfil his contract, though he was in the enjoyment of the rents and profits. I concur with the court below that there is no pretext for this claim. Nor is there any reason for the defendant's exemption from the payment of interest.

Exception was taken to the deposition of J. B. Wallace, Esq. on the ground of the insufficiency of the service of the notice. The thirty-eighth rule of the court of common pleas of Alleghany county, requires notice to be served by being read and delivered to the party, or, in his absence, to some of his family at his dwellinghouse. The evidence was, that the witness served the rule on defendant's son, and left him a copy of the rule: that he declined hearing it read and showed him where his father was working in the field. On this proof it is doubtful whether the son was at the dwellinghouse: but by reference to the notes of the evidence below, by consent, it appears he was. The service was therefore good.

Judgment affirmed.