# The American Academy of Music *versus* Smith.

1. A grant "under and subject to the payment of the several ground-rents," which had been reserved in the original grant, binds the grantee to indemnify the grantor no longer than his tenancy of the freehold, and his covenant implied by these words would be no more than commensurate with that duty.
2. Walker *v.* Physic, 5 Barr 193, approved.
3. A conveyance, for no other purpose than to avoid the payment of the accruing ground-rent, is void against the covenantor and his representatives.

January 19th 1867. Before WOODWARD, C. J., THOMPSON, READ and AGNEW, JJ. STRONG, J., at Nisi Prius.

Error to the District Court of *Philadelphia*.

This was an action of assumpsit, commenced March 3d 1866, by James M. Smith and others, executors, &c., of George W. Edwards, deceased, against The American Academy of Music. The declaration was on the common counts for $55.12, paid by the plaintiffs to the sheriff of Philadelphia, and $759.09 paid to Catharine C. Keppele for the defendants.

Mrs. Keppele, by deed of April 13th 1853, granted to George W. Edwards, the decedent, three lots on Broad street, Philadelphia, subject to certain ground-rents, payable half-yearly, on the 1st of April and 1st of October. On the 8th of October 1853, G. W. Edwards granted these lots with others to the defendants, "under and subject to the payment of the several yearly ground-rents" mentioned in the deed, and including those on the above three lots.

On the 19th of March 1861, the defendants conveyed these lots to John Neff, "under and subject to the payment of the several

yearly ground-rents, reserved out of them respectively," &c. Neff failed to pay the ground-rents, which fell due on the 1st of April 1861, amounting to $715. Mrs. Keppele brought suit against Edwards on his covenants in the ground-rent deeds, and recovered $720.53. Edwards having afterwards died, his executors, April 16th 1862, paid the debt thus recovered and costs, amounting to the sums for which this suit was brought.

On the trial it appeared by the testimony of a witness of the defendants that "the object of endeavoring to part with the ground at all was, that it was not available for any purpose of the Academy, and it was useless to carry a vacant lot and pay ground-rent upon it.

"After trying for some two years to sell it, and paying the ground-rent during that time, without finding a customer, we took the first opportunity we had of getting rid of it by giving it away, without regard to when the ground-rent fell due.

"The conveyance was made for the purpose of avoiding the payment of ground-rent; not particularly of that which fell due on the 1st of April 1861, but of that as well as subsequent payments, to get rid of the ground-rent for ever."

The court below (Stroud, A. J.), charged, amongst other things: —"Without entering into this effort to get rid of the responsibility by conveying it to Mr. Neff, without saying anything about that at all, I say to you this as a matter of law, that according to the construction of the language of that covenant they" (the plaintiffs in error) "have bound themselves to pay this ground-rent. If you find they have not done so, and he has been obliged to pay it, then he is entitled to recover from them."

The jury found for the plaintiffs $1012.53.

So charging was assigned for error.

*A. H. Smith*, for plaintiff in error, cited Walker *v.* Physick, 5 Barr 193; Evans *v.* See, 11 Harris 88; Elkinton *v.* Newman, 8 Id. 281.

*G. L. Crawford*, for defendants in error, cited Campbell *v.* Shrum, 3 Watts 60; Trevor *v.* Perkins, 5 Wh. 253; Blank *v.* German, 5 W. & S. 42; Dubbs *v.* Finley, 2 Barr 397; Morris *v.* Oakford, 9 Id. 499; Maule *v.* Ardley, 4 Penna. L. J. 359; Kitchen's Estate, 2 Wright 322; Burke *v.* Gummey, 13 Id. 518; McCracken's Estate, 5 Casey 428; Buckley's Appeal, 12 Wright 491; Heist *v.* Baker, 13 Id. 13; Keim *v.* Robeson, 11 Harris 456; Walker *v.* Physick, 5 Barr 202; Woolveridge *v.* Stewart, 3 M. & S. 561; Quain's Appeal, 10 Harris 510; Williams's Appeal, 11 Wright 283; Pember *v.* Mathers, 1 Bro. C. C. 52; Staines *v.* Morris, 1 V. & Beam. 8; Wilkins *v.* Fry, 1 Mer. 244, 263; Waring *v.* Ward, 7 Ves. Jr. 337; Bell *v.* Bell, 8 Casey 309.

LAW LIBRARY

Philpot *v.* Hoare, Ambler 480 ; s. c. 2 Atk. 219 ; Wickersham *v.* Irwin, 2 Harris 108 ; Elkinton *v.* Newman, 8 Id. 281.

The opinion of the court was delivered, January 28th 1867, by THOMPSON, J.—The case of Walker *v.* Physick, 5 Barr 193, conclusively rules this case. The state of the facts in that case and in this are entirely similar ; and it was there settled that where a ground-rent deed contains a grant of ground to another, "under and subject to the rent as the same shall accrue," the grantee's duty to indemnify the grantor endures no longer than his tenancy of the freehold ; and his covenant, implied from these words, would consequently be no more than commensurate with that duty. In this case the grant to the Academy of the lots in question, by the covenantor, was "under and subject" to the rent reserved ; and being sued for the arrears of rent the company sets up the defence that before the rent fell due they had parted with the title and possession to one Neff, and that the duty no longer rested upon them either on account of privity of contract or estate, to indemnify the covenantor against the payment of the rent. This presented purely a legal defence, which the learned judge over-ruled, and directed a verdict for the plaintiff for the unpaid rent. This, measured by Walker *v.* Physick, was an error. I have carefully examined the authorities referred to by the defendant in error, and not one of them in the least disturbs or casts doubt upon that case. It was a most carefully considered case, upon a review of all the authorities, English and American, both by Mr. Justice Kennedy at Nisi Prius, and in banc, as evidenced by the opinion of Gibson, C. J. We cannot set aside that decision, especially as we see no reason for even doubting the correctness of the principles therein enunciated, as applicable to the cases of ground-rents. In all the cases, from Campbell *v.* Shrum, 3 Watts 60, down to the last case cited of Heist *v.* Baker, 13 Wright 13, the words "under and subject" were held either to import an express covenant, as in Campbell *v.* Shrum, or to imply a promise to pay, either from privity of estate, or because the encumbrance had become part of the purchase-money, and as such, enforceable against a purchaser by his vendor. In view of an unshaken decision establishing a clear distinction between these cases and a case like the present, we do not feel it to be our duty more minutely to analyze the cases. We think the distinction an obvious and necessary one, and because it was not observed, this judgment must be reversed.

Had the case been submitted to the jury on the question of fact, whether the Academy had divested itself of the property by a bonâ fide sale, before the rent fell due, there could have been no doubt whatever of the result. It was clearly proved that it was done for no other purpose than to avoid the payment of the

accruing ground-rent. If so, the conveyance was void as against the covenantor and his representatives, by the statute of 13 Eliz. It was calculated to delay, hinder and defraud creditors. To bring a case within Walker v. Physic, of course the assignment of the lessee must be bonâ fide, and not to a man of straw, with a view to avoid the effect of the words "under and subject" upon the real owner. All such arrangements must prove abortive.

Judgment reversed, and a *venire de novo* awarded.