## Metzgar and Gernert's Appeal.

1. Where land is sold subject to purchase-money and interest due a third person, it is a covenant by the vendee to pay such purchase-money: it need not appear affirmatively that such encumbrance was payable out of the purchase-money.

2. A father conveyed land to a son, subject to a widow's dower, and by his will directed that the annual interest should be paid to the widow out of his estate. This did not relieve the land from the payment of the principal.

March 22d 1872. Before Thompson, C. J., Sharswood and Williams, JJ. Agnew, J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Lehigh county:* No. 323, to January Term 1872.

In the matter of the account of George Steininger, Jr., one of the executors of George Steininger, Sr., deceased.

The only question in this case was whether the estate of the decedent or George Steininger, Jr. individually, was liable for the dower of Elizabeth Meitzler, widow of Conrad Meitzler, deceased, charged on land which had belonged to the decedent, and which in his lifetime he had conveyed to his son, George Steininger, Jr.

The land had belonged to Conrad Meitzler, and under proceedings in partition, on his estate, became the property of George Meitzler, one of his sons. On the 3d of April 1844, George Meitzler conveyed the land to George Steininger, Sr., " for and in consideration of the sum of $9325 in hand paid by the said George Steininger. Subject, nevertheless, to a dower of $1410.85, and the yearly interest thereof to be paid to Elizabeth Meitzler, widow and relict of Conrad Meitzler, deceased, remaining on the above tract of land, a lien, and payable after the decease of the said widow, to the legal heirs and representatives of the said deceased."

On the 15th of August 1848, the decedent entered into articles of agreement with George Steininger, Jr., to sell him the above-mentioned land, " for which said George Steininger must pay $73 for each and every acre, or in the whole $9145.53. Further, said George Steininger must render to his father yearly and every year, so long as he lives, 30 bushels of shelled Indian corn, 25 bushels of oats, and 6 bushels of buckwheat; also, said George Steininger must in every alternate year chop his father's firewood in the woods, and haul it home to him, so long as he lives, beginning in the year fifty. Further, my son, George Steininger, shall have $2000 of the said sum as an inheritance, and $550 he has already paid as his down money, and the remaining sum he must pay in gales of $300 yearly, the first payable on the 1st of April 1849; for said gales the purchaser must give bonds. Further, it is decided that the said George Steininger dare not sell his farm so long as his father lives, except with his consent."

[Metzgar and Gernert's Appeal.]

, On the 22d of August 1848, the decedent conveyed the same land to the accountant, "for and in consideration of the sum of $9145 well and truly paid by the said George Steininger. Subject, nevertheless, to a dower of $1410.85, and the yearly interest thereof to be paid to Elizabeth Meitzler, widow and relict of Conrad Meitzler, deceased, remaining on the above-described tract of land as a lien, and payable after the decease of the said widow to the legal heirs and representatives of the said deceased."

George Steininger made his will, dated August 15th 1848, which contains amongst others the following clauses:—

"Item: It is my will that my hereinafter named executors shall pay the interest to Elizabeth Meitzler for the dower which lies upon my son George's land, out of my estate.

"Item: It is my will, that my son Solomon, after my decease shall take possession of my land which I yet have, and which I have not bequeathed to my wife, and, one year after my wife's death, he shall also have the other buildings and the land; he must, however, pay $50 for each and every acre one year after my wife's death to the heirs."

Elizabeth Meitzler, the widow, having died, George Steininger, Jr., paid the heirs of Conrad Meitzler the amount secured on his land for dower, with interest, and claimed credit for it in his administration account. The legatees under the will excepted to this credit; it was allowed by an auditor and the Orphans' Court (Longaker, P. J.), on exceptions to the auditor's report.

Anna Metzer and Salome Metzgar, two of the legatees, with their husbands, appealed to the Supreme Court, and assigned the decree of the Orphans' Court for error.

*J. B. Metzgar* and *E. Albright*, for appellant.—A conveyance subject to the payment of purchase-money and interest to a third person is a covenant by the vendee to pay that money: Campbell *v.* Shrum, 3 Watts 60; Blank *v.* German, 5 W. & S. 42; Keim *v.* Taylor, 1 Jones 163; Burke *v.* Gummey, 13 Wright 518.

*C. M. Runk* and *J. D. Stiles*, for appellant.—By the purchase George Steininger, Sr., assumed payment of the $1410.85 after the death of the widow Meitzler: Hoff's Appeal, 12 Harris 200; Blank *v.* German, 5 W. & S. 36; Lennig's Estate, 2 P. F. Smith 138.

The opinion of the court was delivered, May 13th 1872, by

SHARSWOOD, J.—It was decided in Campbell *v.* Shrum, 3 Watts 60, that the purchase of a tract of land by agreement under seal, "subject to the payment of the purchase-money and interest" due to a third person, is a covenant by the vendee to pay such pur-

chase-money and interest.  It is a mistake to suppose that it must appear affirmatively that the amount of the encumbrance was retained out of the purchase-money.  As remarked by Mr. Justice Strong in Woodward's Appeal, 2 Wright 322, in Campbell *v.* Shrum, the consideration named for the stipulated conveyance did not include the purchase-money, subject to which it was sold.  In Woodward's Appeal, a guardian was authorized by the Orphans' Court to invest the sum of $8750 in the purchase of a house for his ward, subject to the payment of a mortgage, which he did, by deed, in which the mortgage was not recited as a part of the consideration; it was held that the guardian had made himself personally responsible.  In Burke *v.* Gummey, 13 Wright 518, the deed was in consideration of $1000, subject to a mortgage of $1000. "We have no cases," says Mr. Justice Strong, "that are not reconcilable with the doctrine that one who purchases expressly subject to an encumbrance as between the vendor and himself, makes the debt his own and assumes to protect the vendor."  Blank *v.* German, 5 W. & S. 36, was not the case of a purchase but of an assignment to trustees for distribution among creditors.  Had it been a purchase the opinion concedes that the case would have been within the principle of Campbell *v.* Shrum.

That George Steininger, Sr., was personally liable for the Meitzler dower, is undisputed.  His deed to his son George Steininger, Jr., for the land upon which it was an encumbrance, subject to that dower, as between him and his vendee, made it the debt of the latter.  Undoubtedly it might be shown that such was not the agreement of the parties; in other words, that the insertion of those words in the conveyance was a mistake of the scrivener.  We may conjecture that it was so, from the fact that the articles of agreement for the sale do not contain those words.  It is merely conjecture.  The existence of the dower as an encumbrance on the land was certainly known to the parties, and the presumption of law is wherever the title is taken expressly subject to it, that it is estimated and allowed for in the consideration.  When the question now presented was incidentally before this court in a former appeal of March Term 1865, No. 94, it is said by Lowrie, C. J., in the opinion which has not been reported: "If there is any mistake in the deed to the son George, we have not the means of correcting it.  By that deed the money due to the Meitzlers is charged upon George's title, and he can claim no relief against it, except that provided in the will, which seems to require that the interest during the widow's lifetime shall be paid out of the testator's estate."

George Steininger, Sr., had an undoubted right by his will to exonerate his son George from personal responsibility for the Meitzler dower.  Has he done so?  The will is dated after the articles, and before the conveyance to George.  It contains this

[Metzgar and Gernert's Appeal.]

clause: " It is my will that my hereinafter named executors shall pay the interest to Elizabeth Meitzler for the dower which lies upon my son George's land out of my estate." The contention is that this implies that the principal should be also paid out of his estate. The contrary would rather be the more natural inference. If as now maintained he had sold by the articles to George clear of this encumbrance, his estate would have been liable both for the interest and principal, and this provision of the will would have been unnecessary. But if George was responsible for it, then his father intended so far to relieve him as to provide that so long as the widow lived his estate should pay the interest, but no more. If he had intended both principal and interest, he certainly would have said so. It is urged also and seems to have had considerable weight with the auditor in the court below, that while this land was sold to George at $73 an acre, other land was sold by his father to his brother Solomon at the same price which was entirely clear of encumbrances. We are not furnished with the articles with Solomon. The articles with George introduce other elements into the price of the land besides the $73 per acre. Whether similar stipulations are contained in the agreement with Solomon, we do not know. But even if the value of the two pieces of land was the same and the consideration the same, how can it be a legal inference that George Steininger intended both his sons to have the same advantages from their respective purchases? We must think this argument entirely inconclusive. There was error, therefore, in the decree. Credit should not have been allowed to the accountant for the principal sum of the Meitzler dower.

> Decree reversed, and record remitted that a decree may be entered conformably to this opinion. The costs of this appeal to be paid by the estate.