# The Girard Life Insurance and Trust Co.
## *versus* Stewart.

1. Where a deed recites, that the grantee takes " under and subject" to a mortgage debt, and there was no agreement nor consent on his part to pay said debt or make it his own, and no consideration moved to him for its payment, he is merely a dry trustee and not personally liable for the mortgage debt.

2. The criterion for personal liability, for an encumbrance to which property is subjected, appears to be the contract or consent of the purchaser to become bound for it where the debt forms a part of the price or consideration he is to pay for the encumbered property.

3. The vendee's undertaking to pay the encumbrance is a contract with his vendor, and where, therefore, the property is cast upon him by the act of the law, or by the agency of others, who are the beneficiaries, there is no reason for assuming that he intended to bind himself.

January 14th 1878.    Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and TRUNKEY, JJ.   WOODWARD, J., absent.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county :* Of January Term 1877, No. 75.

Assumpsit by the Girard Life Insurance, Annuity and Trust Company, assignees of a mortgage, against William M. Stewart, the purchaser of the premises upon which said mortgage was secured, and who took a deed to said premises " under and subject" to said mortgage.   The mortgage was for $1200, dated April 3d 1873, made by John Haas to Thomas C. Price, who assigned it to Charles S. Potter, on the 29th of November 1873, who on the same day assigned it to the plaintiffs.   On the 22d of May 1875, W. M. Durant, the owner of the property, sold it to Stewart, the defendant, the deed being made subject to the payment of the foregoing mortgage.   Stewart received the rents and paid the first instalment of interest, but refused to pay the second, whereupon a scire facias issued upon the mortgage and the property was sold for $950.   A balance of $511.15 still remained due upon the mortgage, and the plaintiff brought this suit therefor, contending that defendant was liable by reason of the clause in the deed " under and subject" to the payment of the mortgage debt.   At the trial, before Elcock, J., the defendant offered to prove " that he was a mere naked trustee, without knowledge or personal interest ; that the real purchaser was John Jennings; that he took the title to oblige Jennings, without consideration, and paid nothing for the property ;  that he never dealt as a purchaser with Durant, the grantor, directly or indirectly, and that the conveyance was made to him merely in pursuance of his desire to oblige, and merely in trust, and at the time of the deed in evidence all these facts were known to Durant, the grantor ; that Stewart never knew anything of the terms of the deed until after its execution, and until it was brought to him by Durant, the grantor, and Jennings, the real purchaser, duly executed."

[Girard Life Ins. and Trust Co. *v.* Stewart.]

Defendant also offered in evidence an agreement of the same date as the deed to him between Durant, Jamison and Jennings, wherein, in consideration of certain covenants therein named, Durant was to convey to Jennings, or to whom he might direct, certain lots, including the property in dispute. Defendant further offered to prove by Durant that the deed to him was made in his name as grantee without his knowledge until after its execution, and that he did not enter into any promise or agreement with said Durant to pay the mortgage. All these offers were admitted under objection and exception.

In their general charge the court, inter alia, said :—

"You are to find only one question : Was defendant the real owner or purchaser, or a merely dry trustee ? If you find that he was simply a dry trustee, and that he made no other promise or undertaking, then your verdict should be for the defendant."

The verdict was for defendant, and judgment was entered thereon, whereupon plaintiffs took this writ, the errors assigned being the admission of the foregoing evidence and the portion of the charge noted.

*John J. Ridgway, Jr.,* and *E. S. Harlan,* for plaintiffs in error. —He who takes a property "under and subject" to a mortgage, makes the debt his own and is personally liable to pay it : Campbell *v.* Shrum, 3 Watts 60 ; Blank *v.* German, 5 W. & S. 36 ; Walker *v.* Physic, 5 Barr 194 ; Hoff's Appeal, 12 Harris 200 ; Burke *v.* Gummey, 13 Wright 519 ; Lennig's Estate, 2 P. F. Smith 139 ; Ross *v.* Hanna, 2 W. N. C. 222 ; Peyton *v.* Samuel, 4 Id. 105. Independently of any contract or covenant, the use of these words in a deed creates a duty to pay the mortgagee or his assignees the full amount of the mortgage. The cases decided in the New York courts are even more emphatic and elaborate in support of this point than our own Pennsylvania cases : Thomas on Mortgages 182–195, and cases cited ; Lawrence *v.* Fox, 20 N. Y. 268 ; Burr *v.* Beers, 24 Id. 178 ; Gainsey *v.* Rogers, 47 Id. 233 ; Thorp *v.* Keokuk Co., 48 Id. 253 ; Vrooman *v.* Turner, 8 Hun 78.

The right to recover does not rest upon the grantor's equity, as is asserted in the latter part of the argument of defendant in error, but as the above cases indicate and Justice WOODWARD specifically states in Hoff's Appeal, *supra,* "he (the grantee, under and subject) made himself liable to his vendor and to the mortgagee." Woodward's Appeal, 2 Wright 322, conclusively rules this case.

*George W. Biddle* and *George Bull,* for defendant in error.— From all the reported decisions, we think two propositions are fairly deducible : First. That the grantee named in the deed must have been a bona fide purchaser, and not a representative of the real

[Girard Life Ins. and Trust Co. v. Stewart.]

purchaser. Second. That it must appear, either from the deed, or by evidence *aliunde* that the assumption of the encumbrances by the purchaser was agreed upon and understood between the parties, and formed a part of the consideration and inducement for the conveyance, and this should be made to appear affirmatively : Kearney v. Tanner, 17 S. & R. 94; Trevor v. Perkins, 5 Whart. 244.

Even if Durant had a right of action, it would not follow that the mortgagee could maintain suit without the intervention of Durant. There was no privity of contract between the mortgagees and the defendant in error. They were total strangers, and it has been uniformly held that there must be a privity of contract between the plaintiff and defendant to enable the former to recover : Beach v. Morris, 12 S. & R. 16 ; Blymire v. Boistle, 6 Watts 182 ; Morrison v. Beckey, Id. 349; Finney v. Finney, 4 Harris 380 : Kness v. Lehmer, 7 Id. 445; Campbell v. Lacock, 4 Wright 448 ; Winter's Appeal, 11 P. F. Smith 307.

The case Ross v. Hanna, cited by the plaintiffs in error, was decided by the Court of Common Pleas of Philadelphia. That, we believe, is the only instance in which a mortgagee has ever attempted to bring suit directly against the grantee, skipping over the mortgagor and the grantor. We submit that the principle is unsound, and contrary to the well-settled law of this state. Ross v. Hanna was brought to this court on writ of error, but was not prosecuted. If it is apparent that the plaintiffs would have no right of action for want of a privity of contract, we infer that this court would not interfere with the verdict, even if the other reasons herein urged were considered insufficient.

Hoff's Appeal, *supra;* Woodward's Appeal, *supra;* Lennig's Appeal, *supra;* are plainly distinguishable from this case. In the first, there was no mention of a mortgage debt in the deed, but Hoff made himself liable by an endorsement that the balance of the purchase-money, consisting of the mortgage debt, should be paid by him. The other two cases were questions of distribution.

The judgment of the Supreme Court was entered, January 21st 1878,

PER CURIAM.—In this case there was no agreement or consent of the defendant to pay the mortgage debt, or to make it his own, and no consideration moving to him for its payment. He was merely a dry trustee, to whom the property came by the acts of others, and not his own. He is clearly not liable for the mortgage debt under such circumstances. The property was bound for it, but not himself personally. The criterion of personal liability, for an encumbrance to which property is subjected, appears to be the contract or consent of the purchaser to become bound for it where the debt forms a part of the price or consideration he is to pay for the encumbered property. His undertaking to pay the encumbrances

[Girard Life Ins. and Trust Co. *v.* Stewart.]

is a contract with his vendor. But where the property is cast upon the party by the act of the law, or by the agency of others, who are the beneficiaries, there is no reason for assuming that he intended to bind himself, and thereby to add a new security for the payment: Lennig's Estate, 2 P. F. Smith 135.

Judgment affirmed.