**Matter of PHILADELPHIA PENN WORSTED COMPANY, Bankrupt**

**Barney Cramer and Harvey Mencoff, Copartners Trading as Advanced Textile Company, Appellants.**

**No. 12981.**

United States Court of Appeals Third Circuit.

Argued Jan. 7, 1960.

Decided May 23, 1960.

David Goldberg, Philadelphia, Pa. (Verlin & Goldberg, Philadelphia, Pa., on the brief), for appellants.

Morris M. Wexler, Philadelphia, Pa. (Wexler, Mulder & Weisman, Philadelphia, Pa., on the brief), for G. A. Wilderman, Trustee in Bankruptcy of Philadelphia Penn Worsted Co., Appellee.

Before McLAUGHLIN, KALODNER and STALEY, Circuit Judges.

KALODNER, Circuit Judge.

The bankrupt, Philadelphia Penn Worsted Company, a Pennsylvania corporation, on December 12, 1958, made a general assignment for the benefit of creditors to Harvey Hurwitz as assignee. At the time of the assignment the bankrupt was the owner of a property at the northeast corner of York and Jasper Streets, Philadelphia.

On March 31, 1959, the assignee, pursuant to his agreement with the mortgagee of the property, put it up at public auction through Samuel T. Freeman & Co., auctioneers. The property was "knocked down" to the appellants, Barney Cramer and Harvey Mencoff, co-partners trading as Advanced Textile Company, on their high bid of $25,000.

The auctioneer accepted a 15% down payment of $3,750, and, as agent for the assignee, entered into an agreement of sale providing for the payment of the balance of the purchase price in cash and delivery of a deed and possession of the property at the time of settlement. The provisions in the agreement relating to the time for settlement read as follows:

> "Balance of purchase price in cash, or as hereinafter provided at final settlement which shall take place on or before thirty days from the date hereof or from date of confirmation if such be necessary."

On April 9, 1959, an involuntary petition in bankruptcy was filed against Philadelphia Penn Worsted Company ("bankrupt"), premised on its December 12, 1958 assignment for the benefit of creditors. G. A. Wilderman was ap-

pointed Receiver. At the time of filing of the bankruptcy petition the parties to the agreement of sale had not fixed a date for settlement.

On April 17, 1959 the appellants gave written notice of settlement to take place on April 27, 1959 and the Receiver petitioned the District Court for leave to consummate the sale and gave written notice to creditors and parties in interest that hearing would be held on his petition at 10 A.M. April 27, 1959.

At the April 27th hearing one Benjamin R. Schmerling appeared and made an offer to the District Court of $30,500 for the property. The appellants thereupon asserted that the public sale was valid and could not be disturbed. The District Court ruled that the Receiver was not bound by the prior public sale and stated that it would entertain the highest bid and that unless appellants raised their offer beyond that made by Schmerling that it would direct sale of the property to him. The hearing was then adjourned to April 28th. At that time, on hearing, appellants, reserving their right to appeal the District Court's ruling rejecting their $25,000 contract, increased their bid, under protest, to $31,000. In doing so they suggested they be permitted to deposit $6,000 in the registry of the court pending ultimate determination, on appeal, of their rights. Schmerling countered with a higher offer of $32,600 but it was rejected because of qualifications with respect to costs and expenses of maintaining the property pending appellate determination of the issue. The District Court accepted appellants' bid of $31,000 and entered an Order directing a sale and conveyance of the property to them upon payment to the Receiver of $25,000 and the deposit of $6,000 in the court's registry in accordance with appellants' suggestion as above stated. The property was subsequently conveyed to appellants in accordance with the District Court's Order. Appellants then appealed to this Court from rejection of its March 31st public sale contract. Schmerling also filed an appeal but later withdrew it.

Appellants here contend as follows:

(1) The property was not a part of the bankrupt's estate since it had been sold on March 31st prior to the filing of the bankruptcy petition on April 9th and the sale at public auction has "the same force and effect as if it had been sold by the Sheriff of Philadelphia" inasmuch as prior to the assignee's agreement with the mortgagee to sell the property at public auction the mortgagee had instituted foreclosure proceedings.

(2) Sales at public auction are binding upon the bankruptcy court under the doctrine of In re Stanley Engineering Corporation, 3 Cir., 1947, 164 F.2d 316, certiorari denied 332 U.S. 847, 68 S.Ct. 351, 92 L.Ed. 417, sub nom. Root v. Galman.

(3) Under Pennsylvania law the agreement of sale between the public auctioneer as agent of the assignee and appellants is not an executory contract and accordingly was not subject to rejection under the provisions of Section 70, sub. b of the Bankruptcy Act,[1] relating to the rejection or assumption of executory contracts entered into prior to bankruptcy.

The bankruptcy trustee, in reply, urges that the appellants' contentions are based upon erroneous conceptions of applicable law.

On consideration of the appellants' contentions we are of the opinion that the District Court was not in error.

■ Critical to our disposition is the resolution of appellants' contention that their contract with the public auctioneer is not an executory contract under Pennsylvania law. Since the auctioneer's sale and contract of sale with appellants were consummated in Pennsylvania the law of that State determines their legal consequence. In re Italian Cook Oil Corp., 3 Cir., 1951, 190 F.2d 994, 997.

■ Counsel for appellants seemingly are unaware of the fact that the Supreme

1. 11 U.S.C.A. § 110, sub. b.

Court of Pennsylvania well over a century ago specifically held in Wilson v. McNeal, 1840, 10 Watts 422, 427 that:

"* * * *Articles of agreement for the conveyance of land, are in their nature executory,* and the acceptance of a deed in pursuance thereof, is to be deemed *prima facie* an execution of the contract, and the agreement thereby becomes void and of no further effect." (Emphasis supplied.)

The Supreme Court of Pennsylvania cited with approval Wilson v. McNeal, supra, in Dobkin v. Landsberg, 1922, 273 Pa. 174, 116 A. 814 in a landmark opinion dealing with the rights of vendors and vendees in realty transactions. In Scheetz v. Naylor, 1956, 34 Northam. Law Rep. 216, 219, the Northampton Court of Common Pleas stated that it is well-settled in Pennsylvania that:

"Articles of agreement for conveyance of land are executory * * *."

Since agreements for the sale of real estate are executory under Pennsylvania law they are subject to rejection by the bankruptcy court under the provisions of Section 70, sub. b which reads in part as follows:

"Within sixty days after adjudication, the trustee shall assume or reject an executory contract * * *."

We had occasion to note in In re Italian Cook Oil Corp., supra, 190 F.2d at page 996, the broad sweep of Section 70, sub. b with respect to the rejection or assumption of executory contracts entered into prior to bankruptcy, citing Atchison, Topeka and Santa Fe Railway v. Hurley, 8 Cir., 1907, 153 F. 503, affirmed 213 U.S. 126, 29 S.Ct. 466, 53 L.Ed. 729.

To the same effect see 4 Collier on Bankruptcy (14th Ed. Rev.Oct.1959) § 70.43 where it is stated (p. 1350):

"As long as there remains any part of a contract unperformed, the contract is executory, and subdivision b of § 70 even emphasizes this broad scope of the term by speaking of contracts of the bankrupt that are executory 'in whole or in part'."

It is apparent from appellants' brief, as well as their oral argument, that they premise their contention that agreements for the sale of real estate are not executory in nature on the settled Pennsylvania rule that on the execution of a contract to sell land the equitable ownership to it passes forthwith to the purchaser. Dubin Paper Co. v. Ins. Co. of N. America, 1948, 361 Pa. 68, 63 A.2d 85, 8 A.L.R.2d 1393; Vogel v. Northern Assurance Co., 3 Cir., 1955, 219 F.2d 409. Thus the appellants have, in rather oblique manner, invoked the doctrine of equitable conversion as a bar to the application of Section 70, sub. b.

■ We need merely to note that the doctrine of equitable conversion does not operate to make the vendee's right as an equitable owner superior to the right of a trustee, under Section 70, sub. b, to reject the executory contract on which vendee's right is based. In In re New York Investors Mutual Group, D.C.S.D. N.Y.1956, 143 F.Supp. 51, Judge Weinfeld spelled out the considerations which make the doctrine of equitable conversion inapplicable to executory real property contracts under the provisions of Section 70, sub. b and we subscribe to the view there so well expressed.

Appellants' remaining contentions do not require extended discussion.

■ As to the contention that the property was not part of the bankrupt's estate when the bankruptcy petition was filed because of the prior assignment to creditors, it need only be said that under the explicit provisions of Section 70, sub. a(8) of the Bankruptcy Act the property was held by the assignee as the agent of the bankrupt and was subject to the summary jurisdiction of the bankruptcy court.

Section 70, sub. a of the Bankruptcy Act provides in part:

"The trustee of the estate of a bankrupt * * * shall in turn be vested by operation of law with the

title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title * * * to all of the following kinds of property wherever located * * * (8) property held by an assignee for benefit of creditors appointed under an assignment which constituted an act of bankruptcy, which property shall, for the purposes of this title, be deemed to be held by the assignee as the agent of the bankrupt and shall be subject to the summary jurisdiction of the court."

The fact that the property was purchased by appellants at a public auction is irrelevant. Such a sale is not vested with the attributes of a judicial sale. Appellants' citation of In re Stanley Engineering Corporation, supra, is inapposite. There the property was sold at a judicial sale. On the score of appellants' agreement of sale with the auctioneer, as agent for the assignee, it may be noted in passing that it expressly provided, as earlier stated, that settlement was to be made "on or before 30 days from the date hereof *or from date of confirmation if such be necessary.*"

Appellants' contention that the Receiver's petition to the District Court for leave to consummate the sale at public auction constituted a binding acceptance of the sale, foreclosing the District Court's subsequent rejection of the sale, is without merit.

The Receiver's petition was for "leave to consummate" the sale and did not per se constitute an assumption of appellants' contract. All that it amounted to, as the petition itself disclosed, was an application to the District Court for "an order to be entered by your Honorable Court authorizing and directing the consummation of the public sale. * * *" The bankruptcy court's approval of the petition was essential in order to constitute a valid assumption of appellants' contract. In re Forgee Metal Products, 3 Cir., 1956, 229 F.2d 799. Judge McLaughlin, speaking for this Court, there stated (at page 802):

"The in effect assumption of the contract was not only with the affirmative approval and cooperation of the trustee *but by order of the bankruptcy court which had the final determining authority of whether the contract should be so assumed * * *.*" (Emphasis supplied.)

In conclusion, we are of the opinion that the District Court did not err in rejecting appellants' contract of sale with the public auctioneer and in proceeding to entertain new bidding for the property.

For the reasons stated the Order of the District Court, as amended, will be affirmed.